Pepaj v. Barr

BIA
Christensen, IJ
A206 140 284

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand nineteen.

PRESENT:
        PIERRE N. LEVAL,
        REENA RAGGI,
        CHRISTOPHER F. DRONEY,
         *Circuit Judges.*

_____

MIKEL PEPAJ,
        *Petitioner,*

        v.                            17-3690
                                              NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Michael P. DiRaimondo, Melville, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mikel Pepaj, a native and citizen of Albania, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ") denial of Pepaj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mikel Pepaj,* No. A 206 140 284 (B.I.A. Oct. 16, 2017), *aff'g* No. A 206 140 284 (Immig. Ct. N.Y. City Feb. 7, 2017).

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005), applying well established standards of review. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition.

"[A] trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant

or witness, the inherent plausibility of the applicant's or witness's account, [and] the consistency between the applicant's or witness's written and oral statements . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Applying these standards, we conclude that substantial evidence supports the agency's credibility determination.

First, the agency did not err in relying on Pepaj's credible fear interview to assess his credibility. An IJ may rely on statements made at a credible fear interview where the interview record "displays the hallmarks of reliability" and "represents a sufficiently accurate record of the alien's statements to merit consideration." *Ming Zhang v. Holder*, 585 F.3d 715, 721, 724 (2d Cir. 2009) (internal quotation marks omitted). The record here bears sufficient indicia of such reliability: the asylum officer's notes were typewritten,

3

Pepaj initialed each page, the officer asked open-ended questions, and Pepaj expressed no difficulty understanding the questions or the interpreter. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 181 (2d Cir. 2004) (finding airport interview record had "hallmarks of accuracy and reliability, as it [wa]s typewritten, signed by [the petitioner], and initialed by h[er] on each page").

Second, in determining that Pepaj was not credible, the IJ reasonably relied on Pepaj's contradictory descriptions of his 2013 attack as contained in his interview statements, asylum application, and hearing testimony. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 447 F.3d 289, 295 (2d Cir. 2006) (holding that "material inconsistency in an aspect of [the] story that served as an example of the very persecution from which [petitioner] sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal citation and quotation marks omitted)). For example, at the hearing, Pepaj testified that his attackers "threw" a steel pipe at him, while, at his earlier interview, he had stated that attackers "beat" him with a stick. Pepaj's only explanation for the discrepancy was that "somehow the steel pipe caught [his] hand." Certified Administrative

4

Record at 108.  The IJ was not required to accept Pepaj's explanation.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005)("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Pepaj now attempts to reconcile his varying accounts by stating that he "expected" his attackers to beat him. Pet. Br. at 20-21.  However, he did not offer this explanation to the BIA, and we will not attempt to reconcile his inconsistent statements after the fact. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (limiting review to grounds relied on by BIA).

Additional inconsistencies further support the agency's adverse credibility determination, notably Pepaj's inconsistent accounts of whether his friends faced political persecution for their involvement with the Democratic Party.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Pepaj's application reported that, in 2013, his friends were "harassed by Socialist thugs" for their political activities and "attacked by a group of Socialists who

screamed and called them traitors." Certified Record on Appeal at 218. But Pepaj testified otherwise at the hearing, stating that his "close friends" had no problems, "but some friends I knew . . . [had] problems during the election, but I don't know exactly what kind of problems they had." Certified Record on Appeal at 118. When pressed, Pepaj could not identify a single incident regarding these other friends, and, when confronted with his asylum application, Pepaj responded only that he did not remember what he wrote in that application. Pepaj's lack of knowledge, and even repudiation, of central facts supporting his asylum application undermined his credibility.

Finally, Pepaj's documentary evidence does not corroborate his alleged attacks or rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Pepaj testified that after the 2009 attack, his mother saw him bleeding and, later that day, his father asked him if he "knew the people that did this." He also testified that he showed his parents his bruised finger on the day of the 2013 attack. But his parents' letter does not mention physical attacks, and neither do the letters from the Democratic Party in Albania or the "Association of the Ex Political[ly] Persecuted." *See Hong Fei Gao*, 891 F.3d at 78 (stating that witness's "silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose"). Furthermore, at the hearing, Pepaj seemed unsure of the contents of those letters, and testified that he did not know why the information was omitted. In short, the documentary evidence does not corroborate Pepaj's account of physical attacks.

Accordingly, the "totality of the circumstances" supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

7

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court